IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| *IN RE* THE MATTER OF THE COMPLAINT AND PETITION OF MARTIN PRODUCT SALES, LLP, AS OWNER *PRO HAC VICE* OF THE T/B NMS-1477, HER ENGINES, TACKLE, APPURTENANCES, ETC., IN A CAUSE OF EXONERATION FROM LIMITATION OF LIABILITY § § § § § § § § § | CIVIL ACTION NO. G-04-205 |
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, LLC § § § § § | CONSOLIDATED FROM: CIVIL ACTION NO. G-04-286 |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This litigation arises out of the capsizing of the dumb barge NMS 1477 at Sterling Chemicals, Inc.'s ("Sterling") Dock No. 2 in Texas City, Texas, on or about November 3, 2003. Defendants Martin Product Sales, LLP ("Martin"), American Commercial Lines, L.L.C. ("ACL"), American Commercial Barge Line, L.L.C. ("ACBL"), Echo Towing, Ltd. ("Echo"), Cytec Industries, Inc. ("Cytec"), and Fryoux Tankerman Services, Inc. ("Fryoux") moved for summary judgment against Sterling. For the reasons stated below, Defendants' Motion is respectfully **DENIED**.[1]

The NMS-1477 was charted by Martin for the transport of sulfuric acid from Louisiana to Texas City, Texas. It capsized after it reached Sterling's Dock No. 2, while awaiting discharge. Defendants played various roles in the chartering, loading and/or transport of the NMS-1477. As a result of the incident, all of the Parties in this matter asserted claims against one another. All claims with the

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

exception of Sterling's claims for damages for economic loss have been settled. Defendants have moved for summary judgment on Sterling's claims.

This lawsuit was originally filed on March 30, 2004, and set for trial on May 9, 2005. It was then continued until November 7, 2005, and continued once more to February 13, 2006. Each of these was at the behest of Counsel. On January 26, 2006, on the eve of the current trial resetting, Defendants moved for summary judgment against Sterling. Sterling's Response would be due on February 15, 2006, two days after trial in this matter is set to begin. This type of trial practice, however well-motivated, works a serious hardship on the Court and its precious judicial resources, as well as opposing counsel. Defendants have had almost two full calendar years to file such motions in a more timely manner. The filing of dispositive motions at this late date prevents opposing counsel from having adequate time to respond, and it denies the Court adequate time to give thoughtful and thorough consideration to the issues before it. Thus, the filing of a summary judgment motion on the eve of trial gives rise to the obvious inference of being calculated to vex opposing counsel and inconvenience the Court. Defense counsel is advised that in the future, similar conduct should be avoided in all but the most compelling circumstances, such as a definitive ruling from the Fifth Circuit or Supreme Court, a significant and wholly unanticipated change in the supporting facts, or the like.

Defendant's Motion for Summary Judgment is respectfully **DENIED**. Each Party is to bear their own costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 30th day of January, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge